BAXTER *vs.* THE SPUYTEN DUYVIL AND PORT MORRIS
RAILROAD COMPANY.

The crossing of highways, by a railway, at grade, is not unlawful. It is there-
fore neither a nuisance nor a trespass, at law; nor does such crossing require
the highway commissioners' consent thereto.

A court of equity has no power to restrain the construction of a railway author-
ized by law, by a company authorized to construct it.

After a railroad company has applied for, and obtained, an order of the Supreme
Court, on notice to the commissioners of highways, as required by chapter
582, of the Laws of 1864, authorizing it to construct its road "upon or along
any highway," the commissioners of highways cannot prevent, nor the court
restrain, the construction of its railroad upon, along or across any public
highways.

MOTION, by the plaintiffs, upon the pleadings, and on
affidavits, for a temporary injunction.

The complaint alleged that the plaintiffs were commis-
sioners of highways of the town of Yonkers. That the
defendant had entered upon the highways of said town,
in several places named, and was proceeding to construct
its railroad upon and across the said highways, taking and
occupying the same, in violation of the rights of the pub-
lic and of law; in some places making excavations across
the highways, in others crossing them at grade; in one
instance changing the grade of the highway to correspond
with the grade of the railroad, and in another, construct-
ing its road upon and along a certain highway called
Kingsbridge road, in such a manner as wholly or partially
to occupy the same, for a long distance.

The plaintiffs claimed damages to the amount of $20,000,
and prayed that the defendant might be restrained, by
injunction, from constructing its railroad upon, along or
across the said highways.

The answer alleged that the defendant had taken the
necessary steps to locate the route of its railroad accord-
ing to law, by making a survey and filing a map and pro-
file thereof in the office of the register of Westchester
county; that notice of such route was given to the plain-

tiffs, who failed to object thereto within the time limited by law; and that the defendant was constructing its railroad according to the location so acquired. That the commissioners of the Central Park are now charged, by statute, with the supervision of the highways in question, and that they had concurred in authorizing the construction of the railroad upon the route aforesaid. That Riverdale avenue, one of the roads mentioned in the complaint, was never turned over to the highway commissioners of the town of Yonkers. That on the 28th of April, 1871, the Supreme Court granted an order, under chapter 582 of the laws of 1864, authorizing the defendant to construct its railroad upon and along the Kingsbridge road, so called, and that the plaintiffs had notice of the application for such order, and appeared in opposition thereto. That the defendant was lawfully engaged in the construction of its railroad, the route whereof necessarily intersected the highways mentioned in the complaint; and that it intended, as soon as practicable, to restore the same to such a condition as not unnecessarily to have impaired their usefulness, as required by law. That it had, meanwhile, provided for temporary roads, where the same were necessary; and was erecting, at the points where excavations were complained of, good and sufficient bridges to carry the highway over the railroad. That it had acquired title, under the general railroad act, to the land in the said highways, which it occupied, by proceedings against the adjacent owners; and that the highway commissioners had notice of such proceedings, and appeared thereon by counsel. That it was impossible to construct the railroad in a better manner, or upon a better route or grade, than that which had been adopted, by reason of the difficult nature of the country through which the railroad passed. And that the defendant had, in all things, conformed strictly to law.

Baxter *v.* Spuyten Duyvil &c. Railroad Company.

*J. R. Whiting*, for the motion.

*Elliott F. Shepard*, opposed.

TAPPEN, J. The plaintiffs are commissioners of high-ways in the town of Yonkers, and bring this action to restrain the defendants from constructing the railway upon, along, or across certain highways in that town, and to recover damages.

On the motion at special term for a preliminary injunction, *pendente lite,* the following proofs were offered: Affidavits that Independence avenue, Riverdale avenue, and Kingsbridge road, were public highways, and that the defendants were unnecessarily, and without legal authority, occupying and obstructing such highways at certain points, in the construction of the road. And on the part of the defendants; the affidavit of J. O. Dyckman, one of the commissioners of appraisement, that where the rail-way intersects, or crosses the highway, the highway is capable of being restored to its former usefulness, or to such a state as not unnecessarily to impair its use. Also affidavits of D. B. Cox, W. G. Ackerman, Joseph H. God-win, Augustus Van Cortland and E. D. Ewen, property owners and residents on the line of the road, and other affidavits, stating that the railroad is properly located, and that the crossing and intersecting with said highways in the manner described, will not injure, or obstruct said highways. And these affidavits also aver, that to enjoin the construction of the railway as now being prosecuted, would greatly obstruct the said highways, would impede public travel, and inflict a great injury upon business and property. The affidavit of W. H. Decker, contractor, sets forth that the railway does not occupy the whole width of Kingsbridge road at any point. On April 28th, 1871, upon petition and previous notice by the railway company, and after hearing the commissioners of highways in oppo-

Baxter *v.* Spuyten Duyvil &c. Railroad Company.

sition, an order of the Supreme Court was made, granting the prayer of the petition, and that the petitioners, the Spuyten Duyvil and Port Morris Railroad Co., be authorized to construct its railroad along and upon the highway in the town of Yonkers, known as the Kingsbridge road, as near as possible in conformity to the manner indicated upon the map of its route, on file, &c. .

Voluminous affidavits are submitted, showing the abrupt and difficult physical features of the country across which the railway is located, and the mode of its construction, and the affidavits on this point, for the defendants, quite generally concur in the statement, that the construction and route are largely governed by these features.

The plaintiffs had pending a motion for a temporary injunction in this action, in March last. This motion seems to have been countermanded by notice, on March 30th. It is claimed by the defendants, that the order of April 28th, 1871, upon notice to the plaintiffs, is abundant authority for the acts of the defendants in respect to the Kingsbridge road, and that the plaintiffs, as commissioners of highways, having appeared, and opposed the granting of such orders, are bound by that adjudication. The affidavit of James Riley, one of the commissioners of highways, made March 11th, 1871, sets forth that at that time no order of the Supreme Court authorizing the defendants to construct their road upon, and along, the highway in question, had been obtained. It will be seen, therefore, that the order of April 28th, 1871, gives to the defendants the authority in respect to the occupation of the highway known as Kingsbridge road, which they did not possess when this action was brought; and as to that road, they appear from the tenor of such order to be in lawful occupation of certain parts thereof. If they have occupied other parts of such road not contemplated by, or included in, such order, and if such occupation is for the purpose of constructing track, or laying rail thereupon,

they are exceeding their authority, and will be restrained. If such occupation be but temporary, while engaged in the construction of the railway across, or along (not upon) the highway, the trespass is but temporary, and not continuous, and it does not require an injunction to afford relief.

The chief grounds urged by the plaintiffs, as furnishing cause for an injunction, are, that the act of incorporation of the defendants does not authorize the construction of the road in the county of Westchester ; that the crossing of highways at grade, by a railway track, is a trespass, and a nuisance, and that the defendants have not obtained the consent thereto of the plaintiffs, as commissioners of highways. The defendant's act of incorporation, passed April 24th, 1867, authorizes the construction of a railroad from the Hudson river, at Spuyten Duyvil, to the East river at Port Morris. Both of these points are in the county of Westchester. The clause in the act, " the said road to be constructed across the island of New York, in such manner as not to interfere with the present location of the Harlem River Canal," is not well worded, yet, very clearly, it means, that where the road may cross the island of New York, it shall be so constructed as not to interfere with such canal. The sole purpose of the clause is to protect the canal in case the railway should approach or cross it. The crossing of highways by a railway at grade, is not unlawful; it is, therefore, neither a nuisance nor a trespass, at law, whatever it may be in fact; nor does such crossing require the highway commissioners' consent thereto. Under the act of 1835, such consent was requisite, but under the act of 1850 it is not requisite. That act, being the general railroad law, provides, in section 24, that where an embankment or cutting shall make a change in the highway desirable, with a view to a more easy ascent or descent, the company may take additional land to make such change in the highway; and among the general

Baxter *v.* Spuyten Duyvil &c. Railroad Company.

powers conferred by section 28, the fifth paragraph thereof provides power to construct the railway across, along or upon any highway; but the company shall restore the same to its former state, or to such state as not unnecessarily to have impaired its usefulness. And sections 38 and 40 provide for the ringing of the engine bells, and sounding of steam whistles, on approaching and crossing any public road, and for the erection of sign posts, and signs with letters nine inches long, reading, "Railroad crossing, look out for the cars;" and that such signs shall be maintained where the public road is crossed by the railroad *upon the same level;* and to show there can be no doubt on the subject, it is said in the case of *Dillaye* v. *The New York Central Railroad,* decided in the *Commission of Appeals,* "that railways are privileged to cross and run upon the public highway, by statute." (*Albany Law Journal, vol.* 2, *p.* 356.)

If, therefore, the defendants are authorized to construct this railway, and if the statute authorizes the crossing and occupation of highways, the court has no power to restrain the construction of a railway authorized by law. (*Hodgkinson* v. *Long Island Railroad Co.,* 4 *Edw.* 411.) This case arose on the construction of a tunnel in Atlantic street, Brooklyn, and the decision of the vice chancellor was affirmed by the chancellor, on appeal, April 1847. By chapter 582 of the laws of 1864, the fifth paragraph of section 28 of the general railroad act was amended, and the power of railway companies restricted in respect to the occupation of a highway, by providing that to authorize a railway company to construct its road upon, or along, any highway, the order of the Supreme Court must be applied for, on ten days' notice to commissioners of highways. This was done by the defendants, and after hearing the commissioners of highways in opposition, the Supreme Court granted the application, April 28, 1871. There seems,

therefore, to be no ground, either by statute or by the previous decisons of the courts, upon which the plaintiffs can prevent, or the court restrain, the construction of this railroad "upon, along or across public highways," as sought in the complaint.

I have reached this conclusion after a careful examination of the whole case, and the statutes and decisions upon the subject. I might, however, go further, and upon the proofs submitted by the defendants, consisting of the affidavits of the largest and most prominent property-holders and residents, and persons engaged in business along the line of the railroad, come to the conclusion that the road is constructed with due regard to the public safety, and will be of very great benefit to the whole community. Such, certainly, is the tenor of the statements of the gentlemen, submitted on oath, and coming from a source largely qualified to speak on the question.

It may be considered a misfortune that highways and railways are permitted to cross and intersect upon the same level, particularly in great thoroughfares and in thickly settled communities, but certainly the courts cannot prevent that which the legislature has authorized.

The inhabitants of the section occupied by this railway will find that railroad crossings such as the plaintiffs complain of, exist all over the land, and the village of Yonkers presents an instance at one of its most busy points; indeed, there is not a city or village in the State but is subject to the same inconvenience to a greater or less extent, wherever a railway track is laid; and the system can only be changed by an enactment of law, requiring that either a township, in constructing a highway, or a railroad company in laying its track, shall cross and intersect above or below grade. The defendants' point, that the plaintiffs are not rightfully in court, is overruled. I hold that the plaintiffs have the right to bring this action and present the case.

With the views above expressed, the motion for a tempory injunction is denied, with leave, however, to renew the application after a trial of this case upon its merits.

